UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DANIEL A. BETTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal Case No. 20-20001 |
| ) | Civil Case No. 20-1302 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND OPINION**

Before the Court is Petitioner Daniel A. Betty's ("Petitioner") Motion to Vacate, Correct, or Set Aside Sentence under 28 U.S.C. § 2255. ECF No. 30.[1] Petitioner's § 2255 Motion is DENIED in part and the Government is ordered to respond to parts of the petition as explained below.

**BACKGROUND PROCEDURAL HISTORY**

On December 16, 2019, a federal magistrate judge signed a Criminal Complaint and Arrest Warrant for Daniel A. Betty for violating various U.S. laws regarding sexual exploitation, enticement, and receipt and possession of child pornography. ECF Nos. 1, 2. Petitioner was arrested the same day. Petitioner was formally indicted on January 7, 2020 and charged with two counts of Sexual Exploitation of a Child in violation of 18 U.S.C. Sections 2251(a) and (e); one count of Enticement of a Minor in violation of 18 U.S.C. Section 2422(b), and one count of Receipt of Child Pornography in violation of Sections 2252A(a)(2)(A) and (b)(1). ECF No. 9.

---

[1] All citations are to Petitioner's criminal docket 20-20001.

Defense Counsel filed a Motion requesting that the Court set a combined guilty plea and sentencing hearing and to direct the Probation Department to prepare a presentence report. ECF No. 15. The Court granted the motion, and the Court held a combined sentencing hearing and guilty plea on September 8, 2020.

The revised presentence investigation report outlines that in October 2019, Minor Victim 1 was interviewed at the Child Advocacy Center in Champaign, Illinois. ECF No. 17 at 5. At that that time, Minor Victim 1 was fourteen years old. She described that she "hooked-up with a guy" she met on a phone application "Spotafriend" which she described as an application designed to help teenagers ages 13-19 meet other teenagers for the purpose of having sex. *Id*. at 5. Minor Victim 1 said Petitioner's profile portrayed him as being a seventeen-year-old male and that they spoke for a few weeks prior to meeting. At the time, Petitioner was actually twenty-seven years old. *Id*. at 20. The two agreed to meet and engage in sexual intercourse. When Petitioner was on his way to pick up Minor Victim 1, he stated that he was nineteen years old, but she still agreed to meet with him. *Id*. at 5. They engaged in sexual intercourse in the backseat of Petitioner's car. *Id*. at 6. A review of their communication indicates that Petitioner specifically asked Minor Victim 1 to produce sexually explicit images and she sent several nude photographs. Her profile on application indicated that she was just fourteen years old. *Id*. at 7.

A review of Petitioner's phone indicated that he received and saved the pornographic photos he asked Minor Victim 1 to send him. *Id*. at 7–11. Petitioner pleaded guilty to all four counts of the indictment. Petitioner received several special offense characteristics which served to increase his sentence. The special offense characteristics included that: the victim was only fourteen years old, he lied about his age to persuade or induce the travel of the victim to engage in sexually explicit conduct, he specifically persuaded Minor Victim to commit a sex act that she

2

photographed, he used an online dating application to facilitate the travel of a minor to engage in sexually explicit conduct, and that he engaged in a pattern of activity in sexually exploiting the victim. *Id*. at 16 –19.

As to Counts 1 and 2, the maximum term of imprisonment is thirty years. 18 U.S.C. § 2251(e). While the guideline range would have otherwise exceeded 360 months for those counts, the range became 360 months. ECF NO. 17 at 24. For Count 3, the sentencing guideline range was life imprisonment. For Count 4, the statutory maximum limited the term of imprisonment to twenty years. *Id*. at 24–25. Judge Shadid sentenced Petitioner to 264 months on Counts 1, 2, and 3, and 240 months on Count 4 all to be served concurrently. ECF No. 24 at 3.

Defense Counsel submitted one objection to the special offense characteristic in paragraph 68 that stated Petitioner engaged in a pattern of activity, claiming that this qualified as impermissible double counting. ECF No. 17 at 31. The Court overruled the objection but cited the fact that the guideline range was enhanced two times for the same conduct as the reason for a substantial variance. 264 months imprisonment is well-below the range for Count 3 of potential life imprisonment and the 360-month possibility for Counts One and Two.

Petitioner asserts that his counsel made several errors that related to his sentencing, claiming that Counsel was ineffective for failing to object to Judge Shadid presiding over his sentencing and failing to raise various objections regarding the Pre-Sentence Investigation Report. ECF No. 35. Petitioner also filed a Supplemental Brief after he had filed his Motion to Vacate that falls outside of the statute of limitations. ECF No. 37. The Court will address these arguments below.

**STANDARD OF REVIEW**

Petitioner moves to vacate his conviction under 28 U.S.C. § 2255. A § 2255 motion allows a person convicted of a federal crime to vacate, set aside, or correct his sentence, in limited circumstances, such as where an error is jurisdictional, of constitutional magnitude, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Rule 4 of the Rules Governing Section 2255 Proceedings requires the Court to screen the motion before ordering the Government to respond and to dismiss the petition "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

The Court has reviewed Petitioner's § 2255 Motion and finds that the majority of his arguments are not supported by the facts or the law in this case and can be resolved without ordering the Government to respond to those arguments. *See Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (hearing not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" or petitioner's allegations are "vague, conclusory, or palpably incredible"). The Court is mindful of the well-settled principle that when interpreting a pro se petitioner's § 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *See Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (internal citation and quotation omitted). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and 'may not rewrite a petition to include claims that were never presented'." *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (internal citation omitted). With these principles in mind, the Court has carefully reviewed each of Petitioner's § 2255 claims.

ANALYSIS

I.    **Ineffective Counsel**

Petitioner brings all of his complaints about his sentencing under the umbrella of ineffective assistance of counsel, claiming that his attorney should have made different decisions and raised certain objections. "The right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 138 (2012) (citing *Strickland v. Washington*, 466 U. S. 668, 686 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Because the *Strickland* test requires both deficient performance and prejudice, an ineffective assistance of counsel claim can fail for lack of prejudice "without ever considering the question of counsel's actual performance," and vice versa. *United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009).

In order to demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In order to establish deficient performance, "the petitioner must show 'that counsel's representation fell below an objective standard of reasonableness.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688)). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) (internal quotations and citation omitted). "Importantly, '[j]udicial scrutiny of counsel's performance must be highly deferential,' indulging a 'strong presumption' of effectiveness to combat 'the distorting effects of hindsight.'" *Atkins v. Zenk*, 667 F.3d 939, 944–45 (7th Cir. 2012) (quoting *Strickland*, 466 U.S. at

689). In examining counsel's conduct, the courts are "highly deferential" to counsel and presumes that the decisions constitute reasonable litigation strategy. *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005).

### a. Petitioner's conduct violated 18 U.S.C. 2422(b).

Petitioner advances a misguided argument that him engaging in sexual activity with a minor did not violate 18 U.S.C. § 2422(b) and thus, he argues he is not guilty of Count Three. Petitioner argues that his counsel was ineffective for failing to raise the issue.

18 U.S.C. § 2422(b) makes it a crime to knowingly persuade, induce, entice, or coerce an individual under the age of 18 "to engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." Petitioner argues that the inclusion of prostitution "is instructive as to the type of criminal activity contemplated by the statute." ECF No. 35 at 3. Petitioner cites various canons of construction and cites a dictionary definition of the word "any" to argue that the inclusion of the phrase "any person" means that "both the defendant <u>and</u> the minor as participants in an activity for which they 'can be charged with a criminal offense.'" *Id*. at 3. Petitioner's argument is unpersuasive, and the Seventh Circuit has repeatedly upheld decisions using this statute to criminalize the behavior found here.

The Seventh Circuit has explained that the "essence" of the crime under 18 U.S.C. § 2422(b) is attempting to obtain the minor's assent to sexual activity. *United States v. McMillan*, 744 F.3d 1033, 1036 (7th Cir. 2014) (internal citations omitted); *see also United States v. Berg*, 640 F.3d 239, 247 (7th Cir. 2011) (upholding conviction where Petitioner engaged in a sexually explicit online conversation with an individual he believed was a minor before agreeing to meet in person for the purpose of sexual contact, but was arrested on his way to meet the minor and he was actually communicating with a detective); *United States v. Berg*, 640 F.3d 239, 252 (7th Cir. 2011)

6

("[Section 2422(b)] targets the sexual grooming of minors as well as the actual sexual exploitation of them. The statute's focus is on the intended effect on the minor rather than the defendant's intent to engage in sexual activity.") The Seventh Circuit has found that attempts to solicit a minor for sex violates 18 U.S.C. § 2422(b). *See United States v. Gladish*, 536 F.3d 646 (7th Cir. 2008) ("The question (the only one we need answer to resolve the appeal) is whether the defendant is guilty of having attempted to get an underage girl to have sex with him"); *United States v. Hensley,* 574 F.3d 384, 392 (7th Cir. 2009) (finding the evidence "was overwhelming and more than sufficient to support the jury's finding that Hensley attempted to solicit a minor for sex in violation of 18 U.S.C. § 2422(b)").

The interpretation of this statute is not reasonably up for debate nor are any of Petitioner's arguments on this topic persuasive. Petitioner enticed a minor to engage in engage in a sexual activity in violation of Illinois state law, which in turn violated 18 U.S.C. § 2422(b). *See* 720 ILCS 5/11-1/60(d) (stating that a person commits aggravated criminal sexual abuse "if that person commits an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim"). Petitioner's argument fails on this point.

    **b. Counsel had no legal basis for objecting to the case being reassigned for sentencing.**

Petitioner also complains that a different judge was assigned to sentence him due to the unavailability of his assigned judge. He claims that the judge could not have been adequately prepared for the hearing and that Counsel was ineffective for failing to object. Petitioner objects that fifteen days was "insufficient" to allow the judge to familiarize himself with this case. ECF No. 35 at 7. Here, Defendant pleaded guilty, but the Federal Rules of Criminal Procedures even allow a case to be reassigned after a trial to "any judge regularly sitting in or assigned to a court

may complete the court's duties if the judge who presided at trial cannot perform those duties because of absence, death, sickness, or other disability." Fed. R. Crim. Pro 25(b)(1). The sentencing judge was assigned to the case two weeks before Petitioner's sentencing hearing, and Rule 31 (g) of the Federal Rules of Criminal Procedure only requires that the probation officer submit the presentence report and addendum containing unresolved objection at least 7 days before sentencing. Fed. Rule Crim. Pro. 31(g). Very little had occurred prior to the case being reassigned as the revised presentence investigation report, Petitioner's exhibits, and Petitioner's psychiatric examination report were all filed after the case was reassigned. ECF Nos. 17, 19, 21. Petitioner cites no legal basis for his argument, citing only his impression that it would not have been possible for the Judge to have been fully informed on his case. Indeed, there was no factual or legal support for Counsel to raise an objection. Accordingly, Petitioner's argument that Counsel was ineffective fails on this issue.

      **c. Counsel was not ineffective for not making objections regarding mitigating evidence.**

Petitioner claims that Counsel should have objected that certain mitigating evidence did not appear in the presentence report. Petitioner cites that he was the victim of sexual molestation at the age of two and a neighbor exposed him to child pornography at the age of ten. He also cites his adoption at the age of eight as further mitigating evidence. However, the information regarding his adoption and alleged abuse by a family member are, in fact, present in the presentence report. The revised pre-sentence report explains that Petitioner's stepfather who married Petitioner's mother when he was about a year old adopted him when he was eight or nine years old. ECF No. 17 at 20 –21. Counsel also submitted a psychiatric report that indicates that Petitioner only learned that his stepfather was not his biological father at the age eight, which was a situation with which he had difficulty coping. ECF No. 21 at 7. The presentence report also states that in January 2020,

Petitioner told his mother he was sexually abused by a family member when he was seven or eight years old and that his mother expressed that Petitioner is a fourth-generation victim of sexual abuse. ECF No. 17 at 21. As to the issue of his adoption and alleged molestation, that information appeared in the revised presentence investigation report and Petitioner is simply wrong on the facts. In addition to those issues appearing in the presentence report, Counsel also had a psychiatric evaluation completed in order to further present mitigating evidence in favor of Petitioner.

The issues of some troubling issues in childhood and mental health issues were before the court. That Counsel did not object to have the issue of exposure to child pornography at a young age is not clearly ineffective or otherwise prejudicial given the other mitigating evidence Counsel presented. Petitioner cannot overcome the presumption that his counsel's decision to focus only on the most compelling sentence reduction arguments might be considered sound strategy. *See Strickland*, 466 U.S. at 689. Counsel's conduct is "strongly presumed" to have been within the wide range of reasonable professional assistance. *Id*. Counsel's representation is assessed as a whole. *See Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). That Counsel chose to not press a relatively minor point in the pre-sentence report does not render her service ineffective.

d. **The Enhancements were appropriately applied.**

Petitioner also complains that counsel failed to object to enhancements for (1) usage of a computer, (2) the difference in age between the victim and Petitioner, and (3) the two counts for exploitation. He argues that each of these enhancements were impermissible double-counting.

There are two forms of double counting in sentencing which are prohibited. The first is where the district court applies two or more upward adjustments that are both premised on the same conduct. *United States v. Tenuto*, 593 F.3d 695, 697 (7th Cir. 2010) (citing *United States v. Haynes*, 582 F.3d 686, 708 (7th Cir. 2009)). The second form of impermissible double counting is

"when a district court relies on conduct that was necessary to satisfy an element of the defendant's conviction yet uses that same conduct to enhance the defendant's guideline range." *Id*. (citing *United States v. Calimlim*, 538 F.3d 706, 716 (7th Cir. 2008)). The root of these prohibitions on double counting is to avoid the defendant being punished twice for the same act. *Id*. Here, the enhancements were appropriate and did not serve to punish defendant more than once for the same conduct.

Petitioner argues that the usage of the computer is already contemplated in the statute itself, making the enhancement based up the use of a computer to commit a crime inappropriate. The language of § 2252A makes it a crime to knowingly mail, transport, or ship "by any means, including by computer, any child pornography." 18 U.S.C. § 2252A(a)(1). The Seventh Circuit has explained that "[u]sing a computer is not an element of the offense, it is just one of many ways that a defendant can satisfy the third element." *United States v. Tenuto*, 593 F.3d 695, 699 (7th Cir. 2010). The Seventh Circuit goes on to explain that defendant need not use a computer to violate the statue, so "it does not constitute double counting to use that fact to enhance his guidelines." *Id*. Petitioner's argument has already been directly resolved by the Seventh Circuit and lacks merit. Accordingly, Petitioner fails on this point.

Petitioner also claims that Counsel should have objected to the enhancement for the difference in age between the victim and Petitioner that applied to Counts One and Two for violating 18 U.S. Code § 2251(a). 18 U.S. Code § 2251 states that any person who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct" in subject to punishment. The specific offense characteristic under § 2G2.1(b)(1)(B) allows for a two-level adjustment when the offense involves

10

a minor who had attained the age of twelve years but not attained the age of sixteen years. Here, the victim was fourteen; therefore, this enhancement applied. The statute could be violated if the victim was sixteen or seventeen years old, so this also does not qualify as impermissible double counting.

Petitioner also complains about the "two counts of exploitation" and later states that the "enhancements for two counts of exploitation were also inappropriate, as they are contemplated in the statutes themselves" ECF No. 35 at 10–11. It is not clear if Petitioner is complaining about the fact that he was charged with two counts of exploitation or that he was arguing that the enhancements for each charge were inappropriate. Counts One and Two are not duplicative of each other because they relate to conduct that occurred on different dates that resulted in Minor Victim sending sexually explicit photographs of herself on different days. As to the enhancements, Petitioner received enhancements for these two counts because (1) Minor Victim 1 was 14 years old (2) Petitioner misrepresented that he was 19 years old; (3) Petitioner persuaded Minor Victim 1 to commit and photograph a sex act. None of these acts were essential to the underlying offense and the enhancements were not duplicative of each other. Accordingly, Petitioner's claim of double counting is without merit.

### e. Counsel correctly ignored Petitioner's strategy suggestions

Petitioner argues that he suggested that Counsel "bring up the role of the minor victim in the case, namely that the victim was actively searching for online relationships which could lead to sexual activity." ECF No. at 11. Petitioner's misguided attempts to blame to victim of his crime were thwarted by a better-informed Counsel. Counsel correctly prevented Petitioner from airing that he was not fully taking responsibility for his crime and attempted to blame the victim. Petitioner's argument fails here as well.

11

### f. Defendant was not otherwise prejudiced by Counsel.

As explained above, Counsel's actions were not in error and on some occasions protected Defendant from his worst impulses. Petitioner's sentencing would not have proceeded more favorably if he had referred to the Minor Victim as a "co-conspirator" or "willing participant" and described his sexual abuse of a fourteen-year-old as a "consensual agreement." ECF No. at 4, 11. Defendant manipulated, lied to, and sexually exploited the 14-year-old victim. He misrepresented himself as a teenager online to seek out minors for sexual relations when he was 27 years old. His conduct was inexcusable and his continued failure to realize that would not result in a more favorable outcome. He was appropriately charged, and the enhancements were appropriately applied. Counsel also did her best to portray Petitioner in a favorably light, further highlighting mitigating evidence by submitting a psychiatric evaluation and obtaining letters in support from family members.

Defendant was guided by able Counsel and was afforded a substantial variance, receiving a sentence of 264-months instead of the 360-life sentence that the guidelines advised for certain counts. Left to his own devices, the Court would have been fully aware of Defendant's apparent lack of remorse and lack of responsibility in perpetuating this crime. Accordingly, Counsel was not ineffective as to the issues described above.

### g. It is appropriate for the Government to respond to Petitioner's claims related to Counsel's failure to file an appeal and Petitioner's Supplemental Petition.

Petitioner claims that after he was sentenced, he advised Counsel that he would like to appeal. Based upon Petitioner's account, Counsel advised that there was no reason to appeal. ECF No. 35 at 13. Petitioner asked Counsel what to do next and Counsel advised that he wait for the

laws to change. *Id*. Petitioner now asserts Counsel failed to follow his instructions to file an appeal, violating his rights.

When criminal defendants request that their attorney file an appeal, they must do so, no matter how futile. *See Dowell v. United States*, 694 F.3d 898 (7th Cir. 2012). "In other words, '[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel.'" *Id*. (quoting *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010)). Here, even based upon Defendant's retelling, he expressed an interest in filing an appeal, but his description leaves open the possibility that he did not press the matter further when Counsel advised there was nothing to appeal. However, it would benefit the Court to have additional information and argument from the Government on this issue.

Petitioner also filed a Supplemental Petition after he filed his initial Memorandum in Support. The Court's preliminary review of the Supplemental Petition indicates that it could have merit, and therefore it is appropriate for the Government to file a response.

## CONCLUSION

For the reasons stated above, Petitioner's [30] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is DENIED in part. As to the remaining issue of requesting that Counsel file an appeal, Respondent is ORDERED to show cause, if any it may have, within twenty-one (21) days after service of this Order, why said writ should not be granted as to the issue of counsel failing to file an appeal. The Government shall also respond as to the appropriateness of the Court considering the Supplement (ECF No. 37) and address the arguments contained therein, within twenty-one (21) days after service of this Order.

After Respondent has filed its response, Petitioner is ordered to file any traverse or reply to the response within twenty-one (21) days after service of said response on him. The Court

admonishes Petitioner that a failure to reply to the response pursuant to 28 U.S.C. § 2248 will cause the Court to take the allegations in the response to the Writ of Habeas Corpus as true except to the extent that the Court finds from the evidence that they are not true.

It is further ORDERED that Petitioner's Motion for Recusal [34] is DENIED as lacking factual and legal support for Petitioner's request that the Court recuse an Assistant United States Attorney. The Court will address the remaining motions once the matter is fully briefed.

ENTERED this 1st day of April, 2022.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge